UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Avishay (Allison) Alon,
Plaintiff

v.

Case No. 25-cv-505-SM-TSM
Opinion No. 26 DNH 108

N.H. Dept. of Corrections, et al.,
Defendants

# **O R D E R**

Plaintiff has filed an Emergency Motion for Temporary Restraining Order and other relief. In it, she alleges that she is a transgender woman currently detained on state charges in the New Hampshire State Prison for Men. She is also the subject of an ICE detainer. She claims that the New Hampshire Adult Parole Board:

> exercised its discretion and granted Plaintiff parole "to the detainer." The order did not merely authorize consideration for parole; it granted parole, with the precise legal effect of the phrase "to the detainer" now disputed.

Plaintiff's Memorandum (document no. 26-1) at 2 (emphasis supplied).

Subsequently, on August 17, 2026, the NHDOC awarded plaintiff 60 days in earned time credit (ETC). That credit served to establish her minimum parole date retroactively to July 14, 2026 - that is, roughly five weeks ago. Thus, she says, as of at least August 17, 2026, "the State had conclusively determined that the adjusted minimum date requirement had already been satisfied." Id. Additionally, she says that August 17 "is the latest date on which the State was required to implement the existing parole grant or identify a separate basis for continued imprisonment." Id. at 3.

The State, on the other hand, has apparently told plaintiff's counsel that, despite the existing grant of parole, it intends to continue plaintiff's detention for an indeterminate period, until ICE has arranged a date to take custody of her. Specifically, plaintiff says:

> the Board [stated that it] would use the date supplied by ICE as the release date; that a missed pickup would lead to another coordinated date; that Plaintiff would not be released except to ICE unless ICE withdrew the detainer; and that the 48-hour limitation did not apply because parole is discretionary.

Id. at 3. Parenthetically, the court notes that the "48-hour limitation" referenced by plaintiff would seem to refer to 8 C.F.R. § 287.7(d), which provides that, "Upon a determination by

the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." (emphasis supplied).

Finally, plaintiff alleges that she is a transgender woman with diagnosed gender dysphoria at the state prison for men and "the Court has already held that her Complaint plausibly states an Eighth Amendment deliberate-indifference claim. . . . Every additional hour of unnecessary confinement prolongs the harms underlying those claims and creates a separate loss of physical liberty." Plaintiff's Memorandum at 3.

**Conclusion**

Plaintiff has apparently completed her minimum state sentence and been granted parole - albeit to an ICE detainer. Federal law appears to limit the duration of such detainers to 48 hours. Yet, the state seems content to detain her beyond expiration of that 48-hour hold.

Accordingly, on or before **5:00 PM on Thursday, August 20, 2026**, the State shall show cause why this court should not enter an order directing it to release plaintiff from its custody.

Separately, because the relief sought by plaintiff sounds in the nature of a petition for habeas corpus, the court has opened a new civil case in which plaintiff's pending Emergency Motion shall serve as the petition. That case is: Alon v. N.H. Dept. of Corrections, et al., No. 26-cv-675.

This order shall be docketed in both cases. A copy of this order, along with a copy of plaintiff's "Emergency Motion" (document no. 26), shall be sent via email to the Office of the New Hampshire Attorney General. Counsel for plaintiff shall promptly provide copies of this order to defendants' counsel in this civil case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

August 19, 2026

cc: Counsel of Record